UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOI ROBINSON, on behalf of
himself and others similarly
situated,

Plaintiff,

v.

ATLANTA TACTICAL SAFETY,
LLC, d/b/a Atlanta Tactical Services,
and DEVIN CURTIS JACKSON,

Defendants.

CIVIL ACTION NO.

1:25-CV-4907-SEG

## O R D E R

This case is before the Court on Plaintiff Toi Robinson's notice regarding service of process. (Doc. 14.) Plaintiff filed this action on August 29, 2025. (Doc. 1.) On October 2, 2025, Plaintiff filed returns indicating that each of the two Defendants were served with process on September 25, 2025. (Doc. 12, 13.) However, Plaintiff filed a notice on October 27, 2025, stating "that there may have been irregularities" with service of process. (Doc. 14 at 1.) Counsel for Plaintiff stated that they had retained another process server to effectuate service and would "promptly file an updated proof of service once completed." (*Id.* at 2.) But nothing has been filed on the docket since the October 27, 2025 notice.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). Because a court does not have personal jurisdiction over a defendant who has neither been properly served nor waived service, whenever a court finds insufficient service, it is "improper for the district court to . . . reach[ ] the merits in th[e] case." *Jackson v. Johns*, 259 F. App'x 181, 183 (11th Cir. 2007).

Federal Rule of Civil Procedure 4(m) provides a 90-day period for service and states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). In addition, Rule 4(l)(1) requires that "[u]nless service is waived, proof of service must be made to the court." Fed. R. Civ. P. 4(l)(1). With certain exceptions that do not apply here, "proof must be [made] by the server's affidavit." *Id.*

More than 90 days have passed since this case was filed. Plaintiff's notice indicates that neither Defendant has been served with process. Nor does

2

the docket reflect that either Defendant has waived service or otherwise appeared in this case. Accordingly, Plaintiff is **ORDERED** to **SHOW CAUSE within 14 days of the date of this order** why this case should not be dismissed for failure to effect timely service on Defendants. Plaintiff is **ADVISED** that failure to respond to this order will result in dismissal of this action.

     **SO ORDERED** this 1st day of April, 2026.

SARAH E. GERAGHTY
United States District Judge