UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOI ROBINSON, on behalf of
himself and others similarly
situated,

       Plaintiff,

    v.

ATLANTA TACTICAL SAFETY,
LLC, d/b/a Atlanta Tactical Services,
and DEVIN CURTIS JACKSON,

       Defendants.

CIVIL ACTION NO.

1:25-CV-4907-SEG

## **O R D E R**

This case is before the Court on Plaintiff's response to the Court's show cause order, motion for substitution of party, and motion of extension of time to serve the Defendants. (Doc. 17.) After careful consideration, the Court enters the following order.

## I.    Background

Plaintiff filed his complaint on August 29, 2025. (Doc. 1.) Plaintiff brought claims against his former employers, Defendants Atlanta Tactical Safety, LLC and Devin Curtis Jackson, under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 et seq. Plaintiff alleged that he was employed by Defendants

from September 2023 until March 2024. (*Id.* ¶ 11.) The Court issued summons for Defendants on the same day that Plaintiff filed his complaint. (Doc. 3, 4.)

Plaintiff filed returns of service on October 2, 2025. (Doc. 12, 13.) The returns contain proof of service forms signed by Plaintiff's process server, Sandra Brown. (Doc. 12 at 4; Doc. 13 at 4.) According to these forms, Sandra Brown served "Paiyzo Holdings Corporation" on September 25, 2025. The forms state that Paiyzo Holdings Corporation "is designated by law to accept service of process on behalf of" each of the defendants. (*Id.*)

Plaintiff filed a notice on October 27, 2025, stating "that there may have been irregularities" with service of process. (Doc. 14 at 1.) Counsel for Plaintiff stated that they had retained another process server to effectuate service and would "promptly file an updated proof of service once completed." (*Id.* at 2.) But Plaintiff did not file an updated proof of service. On April 1, 2026, more than five months later, the Court ordered Plaintiff to show cause why this case should not be dismissed for failure to effect timely service. (Doc. 15.) The Court warned Plaintiff that failure to respond would result in dismissal.

Plaintiff filed a response to the Court's show cause order on April 8, 2026. (Doc. 17.) Plaintiff explained that Defendant Jackson died on April 13, 2024. (*Id.* at 1.) Plaintiff further explained that his counsel "instructed its new process server to attempt service [on Atlanta Tactical Safety, LLC,] but the

process server noted that the company filed a termination and thus did not attempt to serve the corporate Defendant." (*Id.* at 2.)  Plaintiff requests to substitute Defendant Jackson's estate in place of Defendant Jackson, and a two-week extension of time to serve Atlanta Tactical Safety, LLC.

## II.  Motion for Substitution of Party

Plaintiff moves to substitute Defendant Jackson's estate in place of Defendant Jackson pursuant to Rule 25 of the Federal Rules of Civil Procedure. Under Rule 25(a)(1), "[i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party."  But Rule 25(a)(1) "contemplates substitution for someone who had been made a party before his death." *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969).  Substitution is not available where the named defendant predeceased the filing of the action. *Id.* (citing *Chorney v. Callahan*, 135 F. Supp. 35 (D. Mass. 1955)); *see also Gatlyn v. Doe*, No. 24-CV-22444-RAR, 2024 WL 4502280, at *7 (S.D. Fla. Oct. 16, 2024) ("As [the defendant] died long before Plaintiff filed the Complaint, Rule 25 does not apply in this case." (citing *Mizukami*, 419 F.2d at 1320)); *Paz-Hernandez v. Aleida's Cafeteria, Inc.*, No. 19-25131-CIV, 2020 WL 13390193, at *2 (S.D. Fla. Mar. 18, 2020) ("Fed. R. Civ. P. 25(a)(1) does not apply where, as here, the defendant is deceased at the time the suit was filed.").

3

Amendment, not substitution, is an available means for Plaintiff to bring claims against Defendant Jackson's estate. According to Plaintiff, Defendant Jackson died more than a year before Plaintiff filed his complaint, so substitution under Rule 25 is not appropriate. But Rule 15(a)(2) of the Federal Rules of Civil Procedure instructs the Court to "freely give leave when justice so requires." Courts in this circuit have permitted amendment under similar circumstances where the plaintiff sued a deceased defendant and Rule 25 substitution was unavailable. *See, e.g., Gatlyn*, 2024 WL 4502280, at *7 (allowing the plaintiff leave to amend to name the proper defendant in place of a defendant who died before the complaint was filed); *Cardno Int'l PTY, Ltd. v. Merino*, No. 17-23964-CIV, 2019 WL 8892626, at *2 (S.D. Fla. July 2, 2019) (affording the plaintiff an opportunity to amend to join a party who properly represents the deceased defendant's estate). Here, Plaintiff may not substitute Defendant Jackson's estate under Rule 25, but Plaintiff can bring claims against Defendant Jackson's estate in an amended complaint.[1]

---

[1] An amended complaint may be subject to a statute of limitations defense by a new defendant. Plaintiff's FLSA claims are subject to a two-year statute of limitations, which is extended to three years for claims arising out of a willful violation. 29 U.S.C. § 255(a). Plaintiff alleged that Defendants failed to pay for work performed during February 2024, nearly 26 months ago. The Court expresses no view on whether Plaintiff's amended claims will fall within the statute of limitations or whether Plaintiff's amended claims will relate back to the date of the original pleading. *See* Fed. R. Civ. P. 15(c).

Under the circumstances, the Court will grant Plaintiff leave to amend. Plaintiff may file an amended complaint with claims against Defendant Jackson's estate. If Plaintiff chooses to amend, he must file an amended complaint within 14 days of the date of this order.

## III.    Motion for Extension of Time to Serve Defendants

Plaintiff requests an extension of time to serve Defendant Atlanta Tactical Safety, LLC. Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day service period beginning when the complaint is filed. If a defendant is not served within 90 days, and "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). Under Rule 4(m), "[g]ood cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir. 1991)). "To demonstrate good cause, the plaintiff must offer evidence that she (1) has proceeded in good faith; (2) has a reasonable basis for noncompliance; (3) and the basis for the delay was more than simple inadvertence or mistake." *Bryant v. C&M Def. Grp., LLC*, No. 1:23-CV-5848-MHC, 2024 WL 6956487, at *1 (N.D. Ga. Mar. 11, 2024) (quoting *Miller v. Tr.*

*Props.*, No. 1:21-CV-3187-CAP-CCB, 2021 WL 9638542, at *1 (N.D. Ga. Dec. 20, 2021)).

The Court finds that good cause does not exist on this record. This case has been pending since August 29, 2025. Plaintiff shows a single attempt to serve Defendants during the 90-day service period, filed on October 2, 2025. (Doc. 12, 13.) Nearly four weeks later, on October 27, 2025, Plaintiff filed a notice stating "there may have been irregularities" with this service attempt. (Doc. 14.) With a month left in the 90-day service period, Plaintiff assured the Court that he would retain a new process server and attempt service again. Plaintiff did not request an extension. Only after the Court issued a show cause order, five months later, did Plaintiff notify the Court about the death of Mr. Jackson and request more time to effect service. But Plaintiff does not explain when he hired a new process server, when he discovered that Atlanta Tactical Safety, LLC "filed a termination," or how the company's termination prevented timely service.

Although Plaintiff has not shown good cause, it remains in the Court's discretion to extend time for service. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). In exercising its discretion, "the district court is required to

consider whether the circumstances of the case before it warrant discretionary relief" in the form of an extension. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (citation omitted). "[R]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Lepone-Dempsey*, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). However, "the running of the statute of limitations does not *require* that a district court extend the time for service of process . . . ." *Horenkamp*, 402 F.3d at 1133 (emphasis added).

A discretionary extension of time to serve Atlanta Tactical Safety, LLC is appropriate here. The Court considers that Plaintiff's claims are likely now or soon will be time-barred under the FLSA's two-year statute of limitations. The Court also recognizes that Plaintiff may need time to consider its options for serving Atlanta Tactical Safety, LLC if it has been dissolved. *See Watson v. Chime Sols., Inc.*, No. 1:24-CV-3243-TWT-JKL, 2025 WL 2146371, at *5 (N.D. Ga. May 12, 2025) (discussing the plaintiff's options to serve an administratively dissolved corporation under the Federal Rules of Civil Procedure and Georgia law), *report and recommendation adopted,* 2025 WL 2153313 (N.D. Ga. June 4, 2025). Moreover, Plaintiff will be entitled to 90 days to serve any new defendant if Plaintiff files an amended complaint pursuant

the Court's direction above. *See Lindley v. City of Birmingham*, 452 F. App'x 878, 880 (11th Cir. 2011) ("[W]hen an amended complaint names a new defendant, a plaintiff has [90] days from the date on which the amended complaint is filed to serve that defendant with process." (collecting cases)). Under these circumstances, the Court will use its discretion to grant Plaintiff's motion for a two-week extension of time to serve Atlanta Tactical Safety, LLC. Failure to file proof of service by the deadline may result in dismissal of this action for failure to serve, failure to prosecute, and failure to follow a court order.

## IV.   Conclusion

The Court **DENIES** Plaintiff's motion for substitution of party. (Doc. 17.)  However, Plaintiff may file an amended complaint naming Defendant Jackson's estate as a party **within 14 days of the date of this order**.

The Court **GRANTS** Plaintiff's motion for extension of time to serve Defendant Atlanta Tactical Safety, LLC. (Doc. 17.)  Plaintiff is **DIRECTED** to serve Atlanta Tactical Safety, LLC according to Federal Rule of Civil Procedure 4 **within 14 days of this order** and file proof of service according to Rule 4(l).  Plaintiff is **ADVISED** that failure to file proof of service by the deadline may result in dismissal of this action for failure to serve, failure to prosecute, and failure to follow a court order.

**SO ORDERED** this 22nd day of April, 2026.

SARAH E. GERAGHTY
United States District Judge