**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA**

TOI ROBINSON, on behalf of himself
and others similarly situated,

               Plaintiff,

v.

ATLANTA TACTICAL SAFETY,
LLC d/b/a ATLANTA TACTICAL
SERVICES, MERCEDES B.
WILLIAMS, and THE ESTATE OF
DEVIN CURTIS JACKSON by and
through its duly appointed Personal
Representative,

               Defendants.

Case No.: 1:25-cv-4907 (SEG)

**PLAINTIFF'S FIRST AMENDED
COMPLAINT WITH DEMAND
FOR JURY TRIAL**

Plaintiff Toi Robinson (hereinafter "Plaintiff"), on behalf of himself and others similarly situated, by and through his attorneys, Consumer Attorneys PLLC, upon personal knowledge as to himself and upon information and belief as to other matters, brings this Complaint against Defendants Atlanta Tactical Safety, LLC d/b/a Atlanta Tactical Services (hereinafter "ATS" or the "Corporate Defendant"), Mercedes B. Williams (hereinafter "Williams" or the "Individual Defendant") and the Estate of Devin Curtis Jackson, by and through its duly appointed Personal Representative (hereinafter the "Estate") (ATS, Williams, and the Estate collectively hereinafter the "Defendants") alleges as follows:

**INTRODUCTION**

1.    Plaintiff brings this lawsuit seeking recovery against Defendants for its violations of the Fair Labor Standards Act, as amended (hereinafter the

"FLSA"), 29 U.S.C. § 201 *et seq*., and the Georgia Minimum Wage Law (hereinafter the "GMWL"), O.C.G.A. § 34-4-1 *et seq*.

2.    Upon information and belief, during the last three (3) years, Defendants carried out an unlawful payroll policy and practice by failing to pay Plaintiff and others similarly situated proper overtime compensation for all hours worked in excess of forty (40) hours per week as required by federal law.

3.    Plaintiff has commenced this action on behalf of himself and others similarly situated to recover unpaid wages and overtime compensation he has been deprived of, plus interest (pre-judgment and post-judgment), liquidated damages, attorneys' fees, and costs.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over Defendants' FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5.    Venue is proper in the Northern District of Georgia pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

6.    This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, as they are so related to the federal claims that they form part of the same case or controversy given their common nucleus of operative facts.

2

7.    At all times material hereto, Plaintiff performed non-exempt security guard services for the benefit of Defendants in Georgia including within the County of Fulton.

8.    At all times relevant, Defendants engaged in interstate commerce or in the production of interstate goods for commerce as defined by the Act, 29 U.S.C. §§ 203(r) and 203(s) and earned revenues in excess of $500,000.00 for each year over the last three (3) years.

9.    At all times relevant hereto, Williams had and exercised the power to hire, fire, set schedules, set wages, set terms and conditions of employment, and maintain employment records for Plaintiff and other employees.

10.    At all times relevant hereto, non-party Devin Curtis Jackson ("Jackson") had and exercised the power to hire, fire, set schedules, set wages, set terms and conditions of employment, and maintain employment records for Plaintiff and other employees.

11.    Non-party Jackson passed away after the date Plaintiff separated from employment with ATS.

12.    As a result, Plaintiff has amended the complaint to substitute him as an individual defendant with the Estate.

13.    Plaintiff falls within the protections of the FLSA because he personally engaged in interstate commerce by utilizing goods such as a radio which moved in interstate commerce.

3

**PARTIES**

14. Plaintiff is an adult individual who is and was a resident of Atlanta, Georgia.

15. Plaintiff was employed by Defendants in the State of Georgia during the period of about September 2023 through March 2024.

16. The Corporate Defendant is a domestic limited liability corporation formed under the laws of Georgia with a primary office in Atlanta, Georgia.

17. Jackson was the manager of the Corporate Defendant exercising sufficient control over its business and directing the performance and action of the Plaintiff as an employee of the Corporate Defendant.

18. He is now deceased, and his Estate is liable for his conduct as alleged herein pursuant to applicable law.

19. Prior to his death, Jackson hired the Plaintiff, set his schedule, wages, and other terms and conditions of Plaintiff's employment.

20. During the time Jackson managed ATS, upon information and belief, he did so alongside Williams, who similarly had the same managerial powers Jackson had.

21. Accordingly, Williams is an employer under both state and federal law.

22. At all times relevant, Defendants employed Plaintiff to perform work on behalf of Defendants within the State of Georgia in the County of Fulton.

4

## STATEMENT OF FACTS

23.   Based upon the information preliminarily available, and subject to discovery in this cause, Defendants did not properly compensate Plaintiff and others similarly situated for all hours worked, including for all overtime hours they worked for every workweek.

24.   Plaintiff began working for Defendants in or around September 2023, as a Security Guard with job duties entailing security work.

25.   While employed, Plaintiff typically and customarily performed compensable security services and related job duties for the benefit of Defendants and its customers with an official work schedule of approximately forty-five (45) hours a week.

26.   During the relevant work period, Plaintiff was paid an amount of $700.00 per week for forty-five (45) hours of work per week.

27.   Plaintiff's receipt of wages in the amount of $700.00 per week for forty-five (45) hours of work results in a derived regular rate of $15.55 per hour for every hour worked up to forty (40) hours per week and $23.33 per hour for every overtime hour worked in excess of forty (40) hours per week.

28.   Thus, Plaintiff should have been paid $738.65 per week instead of $700.00 per week.

29.   Instead, Defendants paid Plaintiff a flat rate of $700.00 without accounting for his statutorily required overtime pay.

30. Because Plaintiff was entitled to be paid $738.65 per week rather than what he received, Defendants are liable to Plaintiff for the difference plus liquidated damages, interest, attorneys' fees, and costs.

31. Further, Defendants failed to pay Plaintiff at all for any and all work performed during the period of February 2024.

32. Plaintiff should have been paid a total of $3,100.00 for work performed during the period of February 2024.

33. Instead, Defendants failed to pay Plaintiff anything, including even the minimum wage during this period.

34. Because Defendants willfully withheld Plaintiff's pay for this period, Defendants are liable to Plaintiff for the difference plus liquidated damages, interest, attorneys' fees, and costs.

35. At all times relevant, Defendants had actual or constructive knowledge that it was obligated to pay Plaintiff at least the lawfully mandated minimum wage for all hours worked up to forty (40) hours per week.

36. At all times relevant, Defendants had actual or constructive knowledge and otherwise suffered or permitted Plaintiff to perform compensable work duties for more than forty (40) hours per week.

37. At all times relevant, Defendants had actual knowledge that it was obligated to pay Plaintiff all wages due and owing for all hours Plaintiff worked each week and to pay Plaintiff overtime wages at the time-and-one-half rate for overtime Plaintiff worked in excess of forty (40) hours each week.

38.     As a result of Defendants' violation and failure to pay proper wages and compensation, Plaintiff suffered concrete harm resulting from Plaintiff's lack of pay that he should have received for his regular hours and overtime hours in compliance with the FLSA.

39.     As a result of these violations, Plaintiff seeks compensatory damages and liquidated damages in an amount to be determined at trial.

40.     Plaintiff also seeks interest, attorney's fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## FLSA COLLECTIVE ACTION ALLEGATIONS

41.     Plaintiff brings this action individually and as representatives on behalf of all their current and former non-exempt employees who have been or were employed by Defendants within the statutory period of three (3) years (the "Collective Action Period"), and who were compensated at rates less than the statutory rate of time and one-half, for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

42.     The collective action class is so numerous that joinder of all members is impracticable.

43.     Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendant, upon information and belief, there is at least one other Collective Action Member who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because

7

they lack adequate financial resources, access to attorneys, or knowledge of their claims.

44. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA 29 U.S.C. § 216(b).

45. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and have retained counsel that is experienced and competent in the fields of employment law and class action litigation.

46. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

47. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

48. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

49. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of

individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them.

50. There will be no difficulty in the management of this action as a collective action.

51. Questions of law and fact common to the members of the collection action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members.

52. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b. Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

    c. What proof of hours worked is sufficient where the employer fails in its duty to maintain wage and hour records;

    d. Whether the Defendants failed to pay Plaintiff and the Collective Action Members minimum wage for all hours worked up to forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

    e. Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all

hours worked in excess of forty (40) hours per workweek in violation of the FLSA and the regulations promulgated thereunder;

f.  Whether the Defendants retaliated against Plaintiff and the Collective Action Members for complaining of inaccurate compensation by terminating their employment following the protected activity in violation of the FLSA and the regulations promulgated thereunder;

g.  Whether the Defendants are liable for all damages claimed hereunder, including but not limited to, compensatory, liquidated and statutory damages, interest, costs and disbursements, and attorney's fees.

53.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

54.   Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

55.   Plaintiff brings this case pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Rules" or "Rule") and O.C.G.A. § 9-11-23, against Defendants for violation of Georgia's minimum wage law.

10

56.    The case is brought on behalf of all Class Members which is defined as:

Plaintiff and all those similarly situated, including individuals employed by Defendants from 2023 to the present who were employed in Georgia to provide services to the clients of Defendants, but who were not paid for the time devoted for work which redounded to the benefit of Defendants and their clients.

57.    Because the proposed class consists of numerous persons, joinder of all members is impracticable.

58.    Questions of law and fact common to the Class Members as a whole include, but are not limited to, the following:

a.    Whether Class Members were allowed to report and be paid for the time they spent for the benefit of Defendants and their clients;

b.    Whether Defendants unlawfully, and as a practice common to Plaintiff and the Class Members, failed to pay minimum wage compensation which was due to be paid under O.G.C.A. § 34-4-1, *et. seq.*;

c.    Whether Plaintiff and the Class Members are entitled to minimum wage compensation for the hours they performed work duties for Defendants under minimum wage pay requirements of Georgia law;

d.    Whether Defendants' policies and practices of instructing the Class Members to not record their work hours violates the applicable provisions of Georgia law,

11

e.      Whether Defendants' policies and practices of failing to compensate Class Members for all hours worked was inequitable as further described in the Class Action Complaint.

f.      Whether Defendants' policies and practices of failing to compensate Class Members for all overtime hours worked at a rate of one-and-a-half times their regular rate of pay was unlawful as further described in the Class Action Complaint.

59.     Plaintiff' claims are typical of those of the Class Members.

60.     Like all Class Members, Plaintiff was subject to Defendants' policy and/or practice of failing to pay minimum wage for each and every hour worked by the Class Members for the time spent working in a day.

61.     Thus, each Class Members' claim arises from the same policy or practice. Similarly, Defendants' defenses to Plaintiff' claims will be typical of the defenses to the claims of the Class Members.

62.     Plaintiff will fairly and adequately represent and protect the interests of the Class Members because they worked under the same pay practices and was deprived of the same minimum wage pay as the other Class Members.

63.     Plaintiff has retained counsel competent and experienced in class actions and, in particular, wage and hour cases. Counsel will fairly and adequately represent and protect the interests of the Class Members.

64.     Class treatment of the Georgia minimum wage issue is appropriate because the questions of law or fact common to the Class Members predominate

12

over any questions affecting only individual members. Adjudication of the scope of the Georgia Minimum Wage Law in one proceeding prevents inconsistent adjudications on the merits.

65.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. In not paying for the time identified in this pleading, Defendants have acted on grounds that apply generally to the class so that injunctive or declaratory relief would be appropriate for the Class Members.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION OF THE PLAINTIFF
**(on behalf of himself and the Collective Action Members)**
**Unpaid Wages in Violation of FLSA, 29 U.S.C. § 201, *et seq.***

66.    Plaintiff repeats, realleges and incorporates all previous paragraphs.

67.    The FLSA permits an employee to recover wages for as long as three (3) years prior for willful violations.

68.    Under the FLSA any wages recovered are doubled for "liquidated damages," and entitle Plaintiff to recover attorneys' fees based on the number of hours his attorneys worked on his claims at their reasonable hourly rates, in addition to pre-judgment interest, post-judgment interest, and costs.

69.    An employer that fails to pay at least the minimum wage must pay the employee the balance of wages owed and liquidated damages equal to the amount of wages owed.

13

70.     An employer that fails to pay proper overtime wages must pay the employee the balance of wages owed and liquidated damages equal to the amount of wages owed.

71.     Plaintiff was paid less than the federal minimum wage for every hour worked for Defendants for each hour worked up to forty (40) hours per week in the month of February 2024.

72.     Plaintiff regularly worked up to seventy (45) hours per week and was not paid time-and-a-half for overtime hours worked.

73.     Plaintiff has been harmed in that he did not receive compensation to which he was entitled.

74.     By reason of the said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

75.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 225.

76.     Because Defendants' violations of the FLSA were not the product of objective good faith or otherwise objectively excusable, Plaintiff is entitled to liquidated damages.

77.     As a result of Defendants' unlawful acts, Plaintiff has been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs, and other compensation pursuant to the FLSA.

**SECOND CAUSE OF ACTION OF THE PLAINTIFF**
**(on behalf of himself and the Class Action Members)**
**Unpaid Wages in Violation of GMWL, O.C.G.A. § 34-4-1 *et seq*.**

78.    Plaintiff repeats, realleges and incorporates all previous paragraphs.

79.    Since Defendants failed to pay Plaintiff at all for any and all work performed during the period of February 2024, Defendants violated the GMWL setting the minimum wage in the State of Georgia.

80.    Plaintiff and the Class Members were not paid minimum wage for each and every hour they performed work for Defendants in violation of O.C.G.A. § 34-4-1, *et seq*.

81.    In accordance with the GMWL, Plaintiff and the Class Members seek recovery of unpaid minimum wages, liquidated damages, attorneys' fees and costs.

82.    The statute of limitations on claims under the GMWL is three (3) years, O.C.G.A. § 34-4-6. Therefore, under the tolling agreement, any Class Member who worked for Defendants at any point from August 2022 forward has a timely GMWL claim.

83.    Plaintiff and the Class Members have been damaged by means of failure to receive compensation for time worked as a direct result of Defendants' violations of the GMWL.

84.    As a direct and proximate result of Defendants' failure to pay compensation as required by the GMWL, Plaintiff and the Class Members have incurred and are incurring costs and reasonable attorneys' fees.

15

**THIRD CAUSE OF ACTION OF THE PLAINTIFF**
**(on behalf of himself and the Class Action Members)**
**Equitable Claims - Quantum Meruit and Unjust Enrichment**

85.     Plaintiff repeats, realleges and incorporates all previous paragraphs.

86.     Plaintiff and the Class Members were not compensated for time worked, thereby unjustly enriching Defendants and depriving Plaintiff and the Class members of the fair value of the work performed on behalf of Defendants.

87.     Plaintiff and the Class Members seek recovery of the value of their services under theories of equity, including *quantum meruit* and unjust enrichment.

**FOURTH CAUSE OF ACTION OF THE PLAINTIFF**
**(on behalf of himself and the Class Action Members)**
**Attorney Fees and Expenses of Litigation, O.C.G.A. §13-6-11**

88.     Plaintiff repeats, realleges and incorporates all previous paragraphs.

89.     In addition to fees that are to be awarded under the GMWL, Plaintiff and the Class Members are entitled to an award of attorney fees under O.C.G.A § 13-6-11, as Defendants have acted in bad faith, have been stubbornly litigious, and have caused the Plaintiff and Class Members unnecessary trouble and expense.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff on behalf of himself and Collective Action Members, respectfully requests that this Court grant the following relief:

A. Against Defendants in an amount to be determined at trial, plus liquidated damages as permitted under the FLSA and the GMWL in the amount equal

to the amount of unpaid wages, interest (pre-judgment and post-judgment), attorneys' fees and costs; and

B. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the GMWL;

C. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

D. Designation of Plaintiff as Representative of the Collective Action Members;

E. Such other injunctive and equitable relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: Flushing, New York
      May 5, 2026               Respectfully submitted,

**CONSUMER ATTORNEYS, PLLC**

*/s/ Moshe Boroosan, Esq.*
Moshe Boroosan, GA Bar #744128
6829 Main Street
Flushing, NY 11367-1305
(718) 887-2926
(718) 247-8020
mboroosan@consumerattorneys.com

17

Emanuel Kataev, Esq.
*Admitted pro hac vice*
6829 Main Street
Flushing NY 11367-1305
(718) 412-2421 (office)
(718) 489-4155 (facsimile)
ekataev@consumerattorneys.com

*Attorneys for Plaintiff*
*Toi Robinson*
*and all others similarly situated*

18