UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TOI ROBINSON, on behalf of
himself and others similarly
situated,

        Plaintiff,

    v.

ATLANTA TACTICAL SAFETY,
LLC, d/b/a Atlanta Tactical Services,
et al.,

        Defendants.

CIVIL ACTION NO.

1:25-CV-4907-SEG

## **O R D E R**

This case is before the Court on its own initiative.  On August 29, 2025, Plaintiff Toi Robinson filed this action under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA") and the Georgia Minimum Wage Law, O.C.G.A. § 34-4-1 et seq.  (Doc. 1.)  On April 1, 2026, the Court directed Plaintiff to show cause why this action should not be dismissed for failure to effect service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure. (Doc. 15.)  Plaintiff responded by requesting a two-week extension to serve Defendant Atlanta Tactical Safety, LLC.  (Doc. 17.)  The Court granted Plaintiff's request.  (Doc. 18.)  On April 22, 2026, the Court directed Plaintiff to serve Atlanta Tactical Safety, LLC and file proof of service on the docket within 14 days.  (*Id.* at 8.)  The Court expressly advised Plaintiff that failure

to file proof of service by the deadline may result in dismissal. (*Id.*) The deadline has now passed, and no proof of service has been entered on the docket.[1] Neither did Plaintiff seek an extension of this Court's deadline.

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day service period and states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)).  Under Rule

---

[1] On May 7, 2026, 15 days after the Court directed service within 14 days, Plaintiff filed a "notice" stating that "the amended complaint was sent for service on May 7, 2026." (Doc. 20.) But Plaintiff did not submit proof of service under Federal Rule of Civil Procedure 4(l).

4(m), "[g]ood cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir.1991)).

Here, Plaintiff has not shown good cause for his failure to timely effect service. This case has been pending for more than eight months. As detailed in the Court's April 22, 2026 order, Plaintiff has not explained how any outside factor, rather than inadvertence or negligence, prevented service on Atlanta Tactical Safety, LLC. (Doc. 18 at 5–6.) The Court will not provide an additional extension based on good cause.

Although Plaintiff has not shown good cause, it remains in the Court's discretion to extend time for service. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). In exercising its discretion, "the district court is required to consider whether the circumstances of the case before it warrant discretionary relief" in the form of an extension. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (citation omitted). "[R]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Lepone-*

3

*Dempsey*, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment).  However, "the running of the statute of limitations does not *require* that a district court extend the time for service of process . . . ."  *Horenkamp*, 402 F.3d at 1133 (emphasis added).

The Court has considered that Plaintiff's claims are likely now or soon will be time-barred under the FLSA's two-year statute of limitation.  This was the primary basis for granting Plaintiff his requested 14-day extension of time to serve Atlanta Tactical Safety, LLC.  (Doc. 18 at 6–8.)  But Plaintiff has still failed to file proof of service within the extended deadline.  His untimely and ambiguous notice that his pleading "was sent for service" is insufficient.  Under these circumstances, the possible expiration of the statute of limitations does not warrant another extension of the service period.  *See Vento v. Patel*, No. 23-11392, 2024 WL 775142, at *5 (11th Cir. Feb. 26, 2024) (affirming dismissal of a claim for insufficient service of process where the district court considered that the statute of limitations had run); *Daker v. Ward*, No. 23-10609, 2023 WL 7182358, at *3 (11th Cir. Nov. 1, 2023) (affirming the district court's decision not to extend the service deadline; finding that the court adequately considered both whether there was good cause and whether other circumstances warranted an extension).  No good cause exists to extend the service period,

and no "other circumstances" warrant an extension based on the particular facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282.

Plaintiff's claims against Atlanta Tactical Safety, LLC are **DISMISSED WITHOUT PREJUDICE**.  The Court **DIRECTS** the Clerk of Court to **TERMINATE** Atlanta Tactical Safety, LLC as a party on the docket. Plaintiff's claims against the other Defendants remain pending.  However, Plaintiff is **ADVISED** that failure to file proof of service in a manner consistent with Federal Rule of Civil Procedure 4(l) and within the time provided under Rule 4(m) may result in dismissal of this action.

**SO ORDERED** this 8th day of May, 2026.

_____
SARAH E. GERAGHTY
United States District Judge