UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TOI ROBINSON, on behalf of himself and others similarly situated,<br>Plaintiff,<br>v.<br>MERCEDES B. WILLIAMS, et al.,<br>Defendants. | CIVIL ACTION NO.<br>1:25-CV-4907-SEG |

**ORDER**

This case is before the Court on its own initiative. On May 5, 2026, Plaintiff filed an amended complaint against Mercedes B. Williams and the Estate of Devin Curtis Jackson.[1] (Doc. 19.) On May 8, 2026, the Court advised Plaintiff that failure to file proof of service within the time provided under Rule 4(m) of the Federal Rules of Civil Procedure may result in dismissal of this action. (Doc. 21.) There has been no activity on the docket since the Court issued its previous order on May 8, 2026.

[1] Plaintiff also named Atlanta Tactical Safety, LLC as a Defendant. (Doc. 19.) However, the Court dismissed Atlanta Tactical Safety, LLC from this action on May 8, 2026. (Doc. 21.)

"Service of process is a jurisdictional requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." *Pardazi v. Cullman Med. Ctr.*, 896 F.2d 1313, 1317 (11th Cir. 1990). "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(*l*)(1).

Rule 4(m) of the Federal Rules of Civil Procedure provides a 90-day service period and states:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m); *see also Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)). Under Rule 4(m), "[g]ood cause exists 'only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service.'" *Lepone-Dempsey*, 476 F.3d at 1281 (citing *Prisco v. Frank,* 929 F.2d 603, 604 (11th Cir.1991)).

Here, Plaintiff has not shown good cause for his failure to timely effect service. Plaintiff's amended complaint has been pending for more than six

months. Although the Court advised Plaintiff that failure to file timely proof of service may result in dismissal, Plaintiff has not filed a request for an extension or anything else to show that service has been prevented. The Court will not provide an extension based on good cause.

Although Plaintiff has not shown good cause, it remains in the Court's discretion to extend time for service. *See Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005) ("Rule 4(m) grants discretion to the district court to extend the time for service of process even in the absence of a showing of good cause."). In exercising its discretion, "the district court is required to consider whether the circumstances of the case before it warrant discretionary relief" in the form of an extension. *Melton v. Wiley*, 262 F. App'x 921, 924 (11th Cir. 2008) (citation omitted). "[R]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action, or if the defendant is evading service or conceals a defect in attempted service." *Lepone-Dempsey*, 476 F.3d at 1282 (quoting Fed. R. Civ. P. 4(m) advisory committee's note to 1993 amendment). However, "the running of the statute of limitations does not *require* that a district court extend the time for service of process . . . ." *Horenkamp*, 402 F.3d at 1133 (emphasis added).

The Court has considered that Plaintiff's claims are likely now or soon will be time-barred under the FLSA's two-year statute of limitations. The

Court previously provided Plaintiff with an extension to serve another defendant on this basis, but Plaintiff still failed to meet the extended deadline. (Doc. 18, 21.) Overall, this case has been pending since Plaintiff filed his original complaint on August 29, 2025, more than 14 months ago, and Plaintiff has not filed sufficient proof of service on any Defendant. Under these circumstances, the possible expiration of the statute of limitations does not warrant an extension of the service period to serve the remaining Defendants. *See Vento v. Patel*, No. 23-11392, 2024 WL 775142, at *5 (11th Cir. Feb. 26, 2024) (affirming dismissal of a claim for insufficient service of process where the district court considered that the statute of limitations had run); *Daker v. Ward*, No. 23-10609, 2023 WL 7182358, at *3 (11th Cir. Nov. 1, 2023) (affirming the district court's decision not to extend the service deadline; finding that the court adequately considered both whether there was good cause and whether other circumstances warranted an extension). No good cause exists to extend the service period, and no "other circumstances" warrant an extension based on the particular facts of the case. *Lepone-Dempsey*, 476 F.3d at 1282.

For the foregoing reasons, this case is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to serve Defendants in accordance with

Rule 4(m) of the Federal Rules of Civil Procedure. As no matters remain pending before the Court, the Clerk is **DIRECTED** to close this case.

**SO ORDERED** this 24th day of November, 2026.

SARAH E. GERAGHTY
United States District Judge